**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE:<br>**Ryan Dean Samuel**<br>**Christy Lynn Samuel**<br>SSN(s): xxx-xx-0813, xxx-xx-9662<br>1600 Mapleleaf Dr.<br>Wylie, TX 75098<br><br>Debtor | CASE NO: **16-40099**<br>Chapter 13 |

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

## AMENDED
## CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of __$2,000.00__ per __month__ to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of __60__ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (02/19/2016) | 60 (01/19/2021) | $2,000.00 | $120,000.00 |
| | | Grand Total: | $120,000.00 |

3. **Payment of Claims. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is __$4,000.00__. The amount of __$500.00__ was paid prior to the filing of the case. The balance of __$3,500.00__ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☐ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   **Christine Schraeder**
   **4720 Prescott Dr.**
   **Flower Mound, TX 75028**

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

   | (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment / Months |
   |---|---|---|

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

   | (a) Claimant | (b) Proposed Treatment |
   |---|---|

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

   | (a) Creditor | (b) Estimated claim |
   |---|---|
   | **Internal Revenue Service - ED** | **$51,660.91** |

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). <u>Pre-confirmation adequate protection payments.</u>  Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☐ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
|  |  |  |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment / Months |
|---|---|---|---|---|
|  |  |  |  |  |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment / Months |
|---|---|---|---|---|
|  |  |  |  |  |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment / Months |
|---|---|---|---|
| **Chase** <br> Homestead | $30,257.47 | 4.13% | Pro-Rata <br> Month(s) 1-49 |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is __$19,759.80__ . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of __$19,863.40__ . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☐ None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee / Months | (e) Projected arrearage monthly payment through plan (for informational purposes) / Months |
|---|---|---|---|
| **Wried Boats & Storage** <br> Boat Storage | $0.00 |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

Case No:
Debtor(s):  Ryan Dean Samuel
            Christy Lynn Samuel

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

(A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
| --- | --- |
|  |  |

(B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
| --- | --- |
| Chase | Homestead |
| GM Financial | 2013 Ford Explorer |
| Merrick Bank | 1999 Boss 210 boat |
| Wells Fargo Dealer Services | 2011 Ford F150 Lariet |

(C). **Additional provisions.**

**Trustee Provision 2 (12/2014)**
Notwithstanding any other provision in the Plan, the Trustee shall receive a fee as allowed pursuant to the provisions of 28 U.S.C. 586(e)(2) in the percentage amount as fixed by the United States Trustee.

**Trustee Provision 3 (12/2014)**
Notwithstanding any provision herein to the contrary, the deadlines to file the Trustee's Recommendation Concerning Claims, objections to the Trustee's Recommendation Concerning Claims, and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

**Trustee Provision 5 (100% Plan)**
This order contemplates the payment in full of all allowed unsecured claims. If there are more allowed unsecured claims than anticipated, the Debtor(s) shall modify the Plan to provide additional funding. Nothing herein shall be construed as a limitation upon the Debtor(s) right to proposed a susbsequent modified plan per the provisions of 11 USC 1329.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date: 1/11/2016

Robert T. DeMarco, Debtor's Attorney

Ryan Dean Samuel, Debtor

Christy Lynn Samuel, Debtor

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IN RE:  **Ryan Dean Samuel**                                      CASE NO.
             *Debtor*

**Christy Lynn Samuel**                                           CHAPTER  13
             *Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on _____, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

Robert T. DeMarco
Bar ID:24014543
DeMarco Mitchell, PLLC
1255 West 15th St., 805
Plano, TX 75075
(972) 578-1400

---

Attorney General of Texas
Taxation Division - Bankruptcy
Box 12548 Capitol Station
Austin, TX 78711

Chase
xxxxxx5992
Customer Service
P.O. Box 24696
Columbus, OH 43224-0696

Credit One Bank
xxxx-xxxx-xxxx-3105
PO Box 98872
Las Vegas, NV 89193

Attorney General of Texas
Bankruptcy Reporting Contact
OAG/CSD/Mail Code 38
P.O. Box 12017
Austin, TX 78711-2017

Chase
xxxxxxxxxxxxxxxx
PO Box 15298
Wilmington, DE 19850-5298

Credit One Bank
PO Box 98873
Las Vegas, NV 89193

Capital One
xxxx-xxxx-xxxx-7309
PO Box 30285
Salt Lake City, UT 84130-0285

Christine Schraeder
4720 Prescott Dr.
Flower Mound, TX 75028

Ford Motor Credit
xxxxxxxx
c/o Correspondence
PO Box 542000
Omaha, NE 68154-8000

Capital One
xxxxxxxxxxxxxxxx
PO Box 30285
Salt Lake City, UT 84130-0285

Codilis & Stawiarski
650 North Sam Houston Parkway E.
Suite 450
Houston, TX 77060

GM Financial
xxxxx9747
PO Box 78143
Phoenix, AZ 85062-8145

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IN RE: Ryan Dean Samuel                                    CASE NO.
         *Debtor*

Christy Lynn Samuel                                        CHAPTER    13
         *Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

GM Financial
PO Box 183853
Arlington, TX 76096

RS Clark & Associates
xxxxxxxxxxxxx
12990 Pandora, Ste. 150
Dallas, TX 75238-5256

Texas Child Support Disbursement Unit
PO Box 659791
San Antonio, TX 78265-9791

Internal Revenue Service -
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Ryan Dean Samuel
1600 Mapleleaf Dr.
Wylie, TX 75098

Texas Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division
P.O. Box 12548
Austin, TX 78711-2548

Internal Revenue Service - ED
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Second Round LP
xxxxxxxxxxxxxxx
4150 Freidrich Lane, Ste. 1
Austin, TX 78744

Texas Workforce Commission
TEC Building Tax Dept.
101 E. 15th Street
Austin, TX 78778

Merrick Bank
xxx8525
PO Box 660880
Dallas, TX 75266-0880

SYNCB/ JC Penney
xxxxxxxxxxxxxxx
PO Box 965007
Orlando, FL 32896-5007

United States Attorney
110 North College Ave., Ste. 700
Tyler, TX 75702-0204

Merrick Bank
PO Box 1500
Draper, UT 84020-1500

SYNCB/Rooms to Go
xxxxxxxxxxxxxxx
C/O Po Box 965036
Orlando, FL: 32896-5036

Wells Fargo Dealer Services
xxxxxx5806
Attn: Correspondence-MAC T9017-026
P.O. Box 168048
Irving, TX 75016-8048

Paypal Credit
xxxxxxxxxxxx0928
PO Box 5018
Timonium, MD 21093

Synchrony Bank
xxxxxxxxxxxx5147
Attn: Bankruptcy Dept.
PO Box 965061
Orlando, FL 32896-5061

Wried Boats & Storage
3855 Osage Lane
Wylie, TX 75098

Portfolio Recovery Associates
xxxxxxxxxxxxxxxxx
120 Corporate Blvd., Ste. 100
Norfolk, VA 23502

Synchrony Bank
Attn: Bankruptcy Dept.
PO Box 965060
Orlando, FL 32896-5060